[No. 21665-9-III. Division Three. May 11, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY TODD HEMING, *Appellant*.

*Dennis W. Morgan*, for appellant.

*Timothy S. O'Neill, Prosecuting Attorney, Shawn N. Anderson, Deputy*, and *David B. Trefry*, for respondent.

KATO, C.J. — Timothy Todd Heming appeals his conviction for third degree child rape. He contends the child rape statute violates the equal protection clause by arbitrarily distinguishing between persons in the victim's age group and those at least 48 months older than the victim. We affirm.

Mr. Heming engaged in sexual intercourse with 14-year-old K.H. in June 2001. Mr. Heming, who was 37 years old at the time, was aware of K.H.'s age. He was charged with and convicted of third degree child rape.

 RCW 9A.44.079(1) provides:

A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.[1]

Consent by the victim is not a defense to this crime. *See State v. Knutson*, 121 Wn.2d 766, 775, 854 P.2d 617 (1993). On the other hand, a victim's consent is indeed a defense under the general rape statutes, RCW 9A.44.040-.060. *State v. Camara*, 113 Wn.2d 631, 636-37, 781 P.2d 483 (1989).

These statutes, read together, mean that a person 14, 15, 16, 17, or (possibly) 18 years old, who engages in consensual sexual intercourse with a 14-year-old, would escape criminal liability; however, a person older than 18 who engages in consensual sexual intercourse with the same person would be guilty of third degree child rape under RCW 9A.44.079(1). The statutory scheme creates a classification distinguishing between persons whose ages are within 48 months of the victim's age and those who are at least 48 months older than the victim.

Mr. Heming contends this classification violates his right to equal protection of the law under the equal protection clause of the Washington Constitution, article I, section 12, and the fourteenth amendment to the United States Constitution.[2] He concedes the appropriate constitutional analysis involves minimal scrutiny, applying the rational

---

[1] Other child rape provisions similarly limit criminal liability to persons who are more than a specific number of months older than the victim. *See* RCW 9A.44.073 (defendant more than 24 months older than victim who is younger than 12 years old); RCW 9A.44.076 (defendant more than 36 months older than victim who is 12 to 14 years old).

[2] Mr. Heming did not raise the issue before the superior court. However, a party may raise a manifest constitutional error for the first time on appeal. RAP 2.5(a)(3). An error is manifest if it results in actual prejudice to the defendant and the record supports the appellant's contention. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). Here, the record supports the argument; if there was error, the prejudice to Mr. Heming is obvious. The issue thus is properly raised.

basis test. "Under this test, a legislative classification will be upheld unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives." *State v. Thorne*, 129 Wn.2d 736, 771, 921 P.2d 514 (1996). This test is "the most relaxed and tolerant form of judicial scrutiny under the equal protection clause." *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993). "Even 'rational speculation unsupported by evidence or empirical data' provides a basis for upholding the classification under this level of review." *In re Det. of Thorell*, 149 Wn.2d 724, 749, 72 P.3d 708 (2003), Apr. 19, 2004 (quoting *Heller v. Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993)), *cert. denied*, 541 U.S. 990, 124 S. Ct. 2015, 158 L. Ed. 2d 496 (2004). The party challenging the classification bears the burden of proving it is "purely arbitrary." *Thorne*, 129 Wn.2d at 771.

The obvious objective of the child rape statutes is to protect children who are "too immature to rationally or legally consent." *State v. Clemens*, 78 Wn. App. 458, 467, 898 P.2d 324 (1995). This is indisputably a legitimate state interest.

Mr. Heming contends that if children are too immature to consent to sexual intercourse, the age of the defendant is irrelevant and there is no rational basis for the classification. But older, more mature persons are in a position to prey on the relative immaturity of the child, unlike other persons within the child's general age group who are similarly sexually immature. The classification therefore rationally draws a distinction between older, potentially predatory persons and younger, less mature persons in the victim's age group. This distinction thus is not wholly unrelated to the legitimate interest of protecting children from sexually predatory adults.

Mr. Heming also points out that the legislature has addressed the issue of children's competency in various areas with inconsistent results. *See* RCW 9A.04.050 (child's capacity to commit a crime); RCW 5.60.050 (competency as witness). These provisions are not directly related to a child's sexual maturity. Mr. Heming has not explained why the legislature should be required to adopt a single age

standard for different areas of children's mental, emotional, and physical development.

Mr. Heming also contends the determination whether a child has consented to sexual intercourse should be a factual determination, based on the same factors used to determine whether a child is capable of committing a crime under RCW 9A.04.050. *See State v. J.P.S.*, 135 Wn.2d 34, 38-39, 954 P.2d 894 (1998).[3] But these factors, which require careful examination *after the fact*, would be impractical as a standard to guide a person's behavior. The legislature thus rationally chose to identify a precise age limit that makes it easy to predict criminal liability.

Finally, Mr. Heming appears to suggest the child rape statutes' age classifications themselves are arbitrary. Children develop and mature at different ages, and any age-based classification will not perfectly track the development of a particular child. The legislature, however, is permitted some imprecision in this regard:

> The fact that personal abilities and mental faculties develop gradually does not mean that the State cannot create age limits which do not perfectly correspond with the capacity of minors to act as adults . . . . In many areas the state has a strong interest in restricting the activities of infants unable to exercise mature judgment, a subjective inquiry into the maturity of each individual minor is a practical impossibility, and any flat age limit is necessarily arbitrary. *Cf., Oregon v. Mitchell*, 400 U.S. 112, 142, 91 S. Ct. 260, 27 L. Ed. 2d 272 (1970) (Douglas, J.[, dissenting]); *Seattle v. Pullman*, 82 Wn.2d 794, 810, 514 P.2d 1059 (1973) (Hunter, J., dissenting). In such circumstances imprecision in age classifications may be permissible, perhaps even where important rights are affected, because it is inevitable.

*State v. Koome*, 84 Wn.2d 901, 911, 530 P.2d 260 (1975).

In *Koome*, the Supreme Court struck down a statute that required an unmarried minor to obtain parental consent

---

[3] The factors are: "(1) [T]he nature of the crime; (2) the child's age and maturity; (3) whether the child showed a desire for secrecy; (4) whether the child admonished the victim not to tell; (5) prior conduct similar to that charged; (6) any consequences that attached to the conduct; and (7) acknowledgment that the behavior was wrong and could lead to detention." *J.P.S.*, 135 Wn.2d at 38-39.

before obtaining an abortion. The court's reasoning was based on the statute's "substantial infringement on privacy rights." *Id.* at 912; *see Roe v. Wade*, 410 U.S. 113, 155, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973) (right to privacy, including control over one's reproductive functions, is "fundamental"). Here, as Mr. Heming concedes, the age-based classification does not affect the right to privacy or any other fundamental right. The legislature thus is permitted to create a classification that does not "perfectly correspond with the capacity of minors to act as adults." *Koome*, 84 Wn.2d at 911.

Applying the rational basis test, Mr. Heming has failed to prove the child rape statutes' age classifications are purely arbitrary. His conviction is affirmed.

SWEENEY and BROWN, JJ., concur.

Review denied at 153 Wn.2d 1009 (2005).