**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dustin CHRISTENSEN, Defendant—
Appellant.**

**No. 06–30402.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed May 25, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

George JC Jacobs, III, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Christina L. Hunt, Esq., FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Appellant Dustin Christensen challenges the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"). Christensen appeals the district court's determination that third-degree rape of a child under Washington Revised Code § 9A.44.079 (so-called statutory rape) is a "violent felony" as that term is defined by the ACCA, 18 U.S.C. § 924(e)(2)(B). Christensen also contends that his Sixth Amendment rights were violated because the government failed to charge the ACCA sentence enhancement in his indictment and to prove to a jury beyond a reasonable doubt that his prior convictions were for violent felonies. We affirm.

It is true that § 9A.44.079, which prohibits sexual intercourse between a minor aged fourteen or fifteen and a person at least forty-eight months older than the minor, encompasses consensual sex. However, the ACCA includes as violent felonies not only crimes involving an element of force but also crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *United States v. Asberry*, 394 F.3d 712 (9th Cir.2005), we held that even consensual "[s]exual intercourse with adults poses serious potential risks of physical injury to adolescents of ages fifteen and younger," including sexually transmitted disease and pregnancy. *Id.* at 717. Although in *Asberry* we applied the sentence enhancement provision in United States Sentencing Guidelines § 4B1.2, its language is identical in all material respects to that of the ACCA provision at issue here. *See James v. United States,* —— U.S. ——, 127

S.Ct. 1586, 1596, 167 L.Ed.2d 532 (2007). Under the rationale of our holding in *Asberry*, an offense under § 9A.44.079 is a violent felony for the purposes of the ACCA because it involves conduct that presents a serious potential risk of physical injury to an adolescent aged fourteen or fifteen.

■ Christensen's Sixth Amendment rights were not violated by the enhancement of his sentence because "[u]nder the current state of the law, the Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment and proved before a jury beyond a reasonable doubt." *United States v. Tighe*, 266 F.3d 1187, 1191 (9th Cir.2001); *see also United States v. Ladwig*, 432 F.3d 1001, 1005–06 (9th Cir.2005).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.