[No. 34809-8-II.   Division Two.   July 24, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. T.J.M.,[†]
*Appellant*.

---

[†] Because of the nature of this case, some confidentiality is appropriate. Accordingly, under RAP 3.4, we do not use the names of the juvenile defendant and other juveniles involved.

*Kathryn A. Russell Selk*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *P. Grace Kingman, Deputy*, for respondent.

¶1 HUNT, J. — T.M. appeals his juvenile court adjudication of first degree rape of a child under RCW 9A.44.073. He argues that RCW 9A.44.073 violates (1) his constitutional right to equal protection under the law because the statute does not allow a consent defense and (2) his substantive due process rights because it allows a trier of fact to presume that a child victim cannot consent to sexual intercourse when the victim is more than two years younger than the perpetrator. Holding RCW 9A.44.073 constitutional, we affirm.

## FACTS

### I. CHILD RAPE

¶2 In June 2005, 13-year-old T.M. invited 11-year-old J.B. to his house for a sleepover. J.B.'s older brother, S.B., accompanied him to T.M.'s home. After the three boys played video games, they all went to sleep in T.M.'s bedroom. S.B. slept on the top bunk, J.B. slept on the bottom bunk, and T.M. slept on the floor. After the other two boys were in bed, J.B. continued to play T.M.'s Gameboy until S.B. told him told him to turn it off and to go to sleep.

¶3 Once S.B. was asleep, T.M. crawled into bed with J.B. and told J.B. that he could play the Gameboy if he first

played a game with T.M. T.M. then told J.B. to undress; T.M. also undressed. Once both boys were naked, T.M. kissed J.B. on the mouth using his tongue. J.B. told T.M. to stop because it was "gay." According to J.B., (1) T.M. did not take "no" for an answer; (2) T.M. responded that it was "cool" and that if J.B. did the "cool" thing, J.B. could play with the Gameboy; and (3) at some point, T.M. told J.B. that he (T.M.) would put his "balls" up J.B.'s "butt" if J.B. did not do as T.M. asked.

¶4 T.M. did not stop as J.B. demanded. Instead, T.M. continued to kiss J.B. on his chest and then placed his mouth on J.B.'s genitals. J.B. then performed the same acts with T.M.

¶5 Several weeks later, J.B. disclosed the incident to his brother and his parents. J.B.'s parents contacted the police, who investigated the incident and arrested T.M.

## II. PROCEDURE

¶6 At trial in juvenile court, the following witnesses testified: J.B. and his family, T.M.'s family, and the investigating officers. Before issuing its verdict, the trial court urged the parties to meet to see if they could reach an agreement, noting:

> And what I am concerned about is this: I am concerned about a scenario where somebody, if he were to be convicted, gets the label of Child Rape in the First Degree when what we've really got is a situation of sexual experimentation. And I am not at all suggesting that's a scenario in this case.

3 Report of Proceedings at 194. The parties did not reach an agreement.

¶7 The trial court found T.M. delinquent for committing first degree child rape. In its findings of fact, it found that (1) J.B. had testified credibly about the allegations; (2) J.B. "did not demonstrate a particular degree of sexual sophistication or knowledge"; and (3) T.M. had performed these

acts with J.B. for the purpose of gratifying his sexual desire. Clerk's Papers at 16.

¶8 T.M. appeals.

## ANALYSIS

### I. EQUAL PROTECTION

¶9 T.M. argues that RCW 9A.44.073 violates his right to equal protection under both the federal and state constitutions[1] because it does not allow a consent defense to first degree child rape.[2] RCW 9A.44.073(1) provides:

> A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.

We disagree with T.M. that this statute is unconstitutional.

### A. Standard of Review

¶10 The threshold question in any equal protection analysis is the appropriate standard of judicial review. *State v. Shawn P.*, 122 Wn.2d 553, 560, 859 P.2d 1220 (1993). Here, both parties agree that RCW 9A.44.073 does not involve a suspect or semisuspect class and does not threaten a fundamental right. Thus, the rational relationship test is the appropriate standard of review.

¶11 The rational relationship test is a highly deferential form of judicial review. *Shawn P.*, 122 Wn.2d at 561. Under this test, we must uphold the challenged legislation unless the statute is entirely unrelated to legitimate state objectives. In addition, the party asserting

---

[1] Washington courts have repeatedly held that the right to equal protection under the law guaranteed by U.S. Const. amend. 14, § 1 and by the privileges and immunities clause of Wash. Const. art. 1, § 12 are substantially identical. *State v. Smith*, 117 Wn.2d 263, 281, 814 P.2d 652 (1991).

[2] T.M. does not challenge the trial court's findings that he engaged in sexual intercourse with J.B., that J.B. was under the age of 12, and that he (T.M.) was more than 24 months older than J.B.

violation of the equal protection clause must overcome the presumption that the statute is constitutional; we will not declare a statute unconstitutional unless it appears unconstitutional beyond a reasonable doubt. *Forbes v. City of Seattle*, 113 Wn.2d 929, 941 n.12, 785 P.2d 431 (1990).

¶12 It is important to note that the rational relationship test does not allow us to question other ways in which the legislature could have drafted RCW 9A.44.073. Rather, once we determine that the State has a legitimate interest, "the only remaining question is whether the classification created by the legislature is rationally related to the purpose of the legislation." *Shawn P.*, 122 Wn.2d at 563-64.

## B. Rational Relationship

¶13 Although consent is a defense to rape of an adult under the general rape statutes, consent is not a defense to first degree rape of a child under the age of 12 by a person more than two years older. RCW 9A.44.073(1). *Compare State v. Knutson*, 121 Wn.2d 766, 775, 854 P.2d 617 (1993), *with State v. Camara*, 113 Wn.2d 631, 636-37, 781 P.2d 483 (1989). We must decide whether precluding consent as a defense to rape of a child under RCW 9A.44.073 advances a legitimate state purpose and whether the legislature's classification of victims under age 12 and perpetrators more than two years older is rationally related to the statute's purpose.

¶14 Division Three of our court recently addressed an analogous issue in analyzing the constitutionality of the third degree child rape statute, RCW 9A.44.079(1). *State v. Heming*, 121 Wn. App. 609, 90 P.3d 62 (2004). In that case, 37-year-old Heming engaged in nonforcible intercourse with a 14-year-old girl in violation of RCW 9A.44.079(1).[3]

---

[3] RCW 9A.44.079(1) provides:

A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

*Heming*, 121 Wn. App. at 610. In rejecting Heming's equal protection analysis, Division Three held that the "obvious objective of the child rape statutes is to protect children who are 'too immature to rationally or legally consent.'" *Heming*, 121 Wn. App. at 612 (quoting *State v. Clemens*, 78 Wn. App. 458, 467, 898 P.2d 324 (1995)). The *Heming* court reasoned that (1) the statute distinguishes between younger, less mature persons and older, potentially predatory persons and (2) this distinction is related to the legitimate purpose of protecting younger children from sexual acts to which they cannot consent. *Heming*, 121 Wn. App. at 612.

¶15 T.M. attempts to distinguish *Heming* on grounds that the first degree child rape statute, RCW 9A.44.073, involves a two-year age difference as opposed to the four-year age difference in the third degree child rape statute, RCW 9A.44.079, at issue in *Heming*. Without supporting argument, T.M. baldly asserts that the four-year age difference renders the latter statute rationally related to a legitimate government interest while the two-year age difference in the former statute is wholly arbitrary. We disagree.

¶16 T.M. concedes that the legislature has a legitimate interest in protecting younger, more malleable children from unwanted sexual contact with older children. But T.M. argues that when children are close in age, e.g., only two years apart, there is a chance that sexual conduct may not involve a predatory situation.[4] Although, as the trial court here observed, these circumstances might be childish "sexual experimentation" rather than predatory behavior, T.M. cannot establish the unconstitutionality of a presumably constitutional statute simply by challenging the wisdom of the legislative classification. On the contrary, he carries the heavy burden of showing that the legislative

---

[4] T.M. fails to note how sexual intercourse between children two years apart in age differs materially from a 14-year-old engaging in consensual sexual intercourse with someone who is 48 months plus one day older.

classification is purely arbitrary. *Shawn P.*, 122 Wn.2d at 561. And he fails to carry this burden here.

¶17 In enacting the child rape laws, the legislature sought

> to protect the children of Washington from sexual abuse and . . . reaffirm[ ] its condemnation of child sexual abuse that takes the form of causing one child to engage in sexual contact with another child for the sexual gratification of the one causing such activities to take place.

LAWS OF 1994, ch. 271, § 301. To protect these children, the legislature enacted RCW 9A.44.073, apparently finding that children under 12 years of age are at risk of sexual assaults from older, potentially predatory juveniles as well as from predatory adults.

¶18 T.M. does not demonstrate that the statute's classifications are arbitrary simply because the legislature *could* have included a statutory requirement for a fact-based inquiry about whether the offense was predatory in nature, and the legislature chose instead to protect our youngest children by banning all sexual contact between children under age 12 and persons more than 24 months their senior.[5] On the contrary, the statute's classifications are rationally related to the State's interest in protecting children under 12 from sexual contact by older persons, predatory or not.

---

[5] There are several examples of the legislature's classifying criminal behavior by a seemingly arbitrary age. For example, a military veteran who is 20 years and 364 days old still violates the statute proscribing underage consumption of alcohol, regardless of his maturity and experience. RCW 66.44.270(a)(2) (*no* person under the age of 21 may possess or consume alcohol). In addition, a mature 17-year-old high school class president with an exceptional understanding of electoral politics may not register to vote in Washington. RCW 29A.84.660.

While many might agree that the 20-year-old military veteran has the maturity to consume alcohol and the 17-year-old has the intellectual ability to vote, we nonetheless must defer to the legislature's age-based classifications because they are rationally related to the State's interests in preventing young people from consuming alcohol and in ensuring the maturity of the electorate.

Here, although some sexual behavior between children under the age of 12 with children more than 24 months their senior might be "experimental" and not coerced, the legislature is within its authority to err on the side of caution and to ban all forms of sexual intercourse between these age groups.

¶19 Here, the trial court specifically found that J.B. did not possess "a particular degree of sexual sophistication or knowledge." Because of this immaturity, T.M. was able to manipulate J.B.—an unsophisticated and sexually immature child—to perform sexual acts with him, even after J.B. initially told T.M., "No." By taking away a video game and promising its return if J.B. cooperated, T.M. persuaded 11-year-old J.B. to engage in sexual intercourse to gratify his own sexual desires. T.M.'s extra two years of age provided him with more sexual knowledge than J.B. and some measure of power, which enabled him to obtain a younger, more acquiescent child for sexual experimentation—exactly the type of situation the legislature seeks to prohibit with the strict age classifications in RCW 9A.44.073.

¶20 Accordingly, we cannot say that the age classifications in RCW 9A.44.073 are wholly unrelated to the State's legitimate interest in protecting immature children from sexual intercourse with persons more than two years older. Therefore, we hold that the statute is constitutional.

## II. Due Process

¶21 T.M. also argues that RCW 9A.44.073 violates his right to substantive due process by allowing a trier of fact to presume the victim could not consent to the sexual conduct. T.M. contends that RCW 9A.44.073 contains a "mandatory presumption" that all children under the age of 12 cannot consent to sexual intercourse, that such a presumption violates his substantive due process rights, and that, instead, there must be a fact-based inquiry into whether or not a child has the ability to consent. This argument also fails.

¶22 First, T.M. relies on *State v. Randhawa*, 133 Wn.2d 67, 941 P.2d 661 (1997). But *Randhawa* is a vehicular homicide case in which the court held that a trial court may not give a permissive inference instruction that relieves the State of its burden of proving every element of a crime. 133

Wn.2d at 76-77. Here, however, lack of consent is not an element of first degree child rape; thus, unlike the situation in *Randhawa,* there is no risk that the trier of fact will convict based on an impermissible inference that a child under the age of 12 is incapable of consent.

¶23 Second, the *Heming* court addressed this same issue and rejected the same reasoning that T.M. poses here. Heming argued that a trier of fact should inquire into a child's ability to consent in the same manner that the juvenile court assesses a child's ability to commit a crime under RCW 9A.04.050. *Heming,* 121 Wn. App. at 613. Division Three rejected this approach, reasoning that (1) an after-the-fact inquiry into a child's ability to consent is impractical and (2) the legislature was within its authority in identifying precise age limits on which to predicate criminal liability. *Heming,* 121 Wn. App. at 613.

¶24 Adopting Division Three's rationale in *Heming,* we hold that in order to support an adjudication of first degree child rape, due process does not require a fact-based inquiry into an 11-year-old child's ability to consent to sexual intercourse with someone who is more than 24 months older.

¶25 Affirmed.

VAN DEREN, A.C.J., and BRIDGEWATER, J., concur.

Review denied at 163 Wn.2d 1025 (2008).