# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

DUSTIN CHRISTENSEN,
           *Defendant-Appellant.*

No. 06-30402

D.C. No.
CR-04-00267-EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
May 7, 2007—Seattle, Washington

Filed March 23, 2009

Before: Procter Hug, Jr., M. Margaret McKeown, and
William A. Fletcher, Circuit Judges.

Opinion by Judge William A. Fletcher

---

**COUNSEL**

Christina L. Hunt, Office of the Federal Public Defender, Spokane, Washington, for the appellant.

George J.C. Jacobs, III, Office of the U.S. Attorney, Spokane, Washington, for the appellee.

---

**OPINION**

W. FLETCHER, Circuit Judge:

Dustin Christensen pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924, an offense carrying a maximum sentence of ten years. At the government's request, the district court enhanced Christensen's sentence to fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his previous conviction of three "violent felon[ies]."

One of Christensen's three prior violent felony convictions arose out of a guilty plea to statutory rape in violation of Washington Revised Code § 9A.44.079. Based on *Begay v. United States*, 128 S. Ct. 1581 (2008), we hold under the categorical approach of *Taylor v. United States*, 495 U.S. 575

(1990), that a conviction for statutory rape under § 9A.44.079 does not constitute a violent felony under the ACCA. We reverse and remand to the district court for further proceedings in light of this opinion.

## I.  Background

Christensen has a history of drug abuse and other problems with the law, including prior felony convictions. In early 2004, he had outstanding warrants for his arrest for third degree theft and for failure to report to the Washington State Department of Corrections. Hoping to get her son help with his drug abuse, Christensen's mother informed the Spokane County Sheriff's Office that Christensen would be in the parking lot of a Petco Store on the afternoon of February 17, 2004. When Christensen and his mother drove into the parking lot, he was arrested without incident. He had two bullets (but no gun) in his backpack.

Christensen pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. The maximum sentence for being a felon in possession of ammunition is ten years. *See id.* § 924(a)(2). However, the government sought to enhance the sentence under the ACCA based on three prior convictions for "violent felon[ies]." *Id.* § 924(e)(2)(B). The mandatory minimum sentence under the ACCA is fifteen years. *See id.* § 924(e)(1).

One of the felonies on which Christensen's sentence enhancement was based was a conviction for statutory rape in violation of Washington Revised Code § 9A.44.079. Whether Christensen's sentence was properly enhanced turns on whether that conviction constituted a "violent felony" under the ACCA. Section 9A.44.079(1) provides:

> A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less

than sixteen years old and not married to the perpe-
trator and the perpetrator is at least forty-eight
months older than the victim.

"Consent by the victim is not a defense" to a charge of statu-
tory rape under § 9A.44.079. *State v. Heming,* 90 P.3d 62, 63
(Wash. Ct. App. 2004).

The district court analyzed Christensen's violation of
§ 9A.44.079 under the categorical approach of *Taylor.* The
court felt itself bound by our opinion in *United States v.
Asberry*, 394 F.3d 712 (9th Cir. 2005), which construed the
phrase "crime of violence" under § 4B1.2 of the United States
Sentencing Guidelines. The definition of "crime of violence"
in § 4B1.2 is almost word-for-word the same as the definition
of "violent felony" in the ACCA. In *Asberry*, we concluded
that statutory rape is categorically a "crime of violence" under
§ 4B1.2 because even consensual sexual intercourse "between
adults and adolescents ages fifteen and younger creates a
'serious potential risk of physical injury.' " *Id.* at 718. Based
on *Asberry*, the district court concluded that Christensen's
conviction for statutory rape categorically constituted a "vio-
lent felony" under the ACCA. The district court did not reach
the question whether Christensen's conviction constituted a
violent felony under the modified categorical approach.

The district judge sentenced Christensen to the fifteen-year
minimum sentence mandated by the ACCA. The judge was
clearly uncomfortable with that sentence. He did not mini-
mize the importance of Christensen's prior criminal history,
but made clear at the sentencing hearing that he would have
sentenced him to less than fifteen years if he had not been
compelled to do so by the ACCA:

> [I]t seems to me that the Ninth Circuit precedent
> compels this outcome . . . . And I say that not to
> assuage my conscience in this case at all but rather
> to say that we find ourselves in this spot, it seems to

me, because there was a failure to consider the facts of this case.

This is a two bullet prohibited person case brought by a mother trying to help her son and avoid risk to the public and to her son, and under those circumstances, one would have wished for greater understanding of that dynamic and a greater respect for that effort so that there was at the greatest a ten-year maximum in this case.

But I do respect the right of the Department of Justice to say this is a serious felon who deserves to be put away for a long time. I would have wished for a different view of this so that we didn't get ourselves in an ACCA status.

When this case was first before us, we affirmed in an unpublished memorandum disposition based on *Asberry*. *See United States v. Christensen*, No. 06-30402, 2007 WL 1544714 (9th Cir. May 25, 2007). After we filed our memorandum disposition but before the mandate issued, Christensen petitioned for rehearing. While that petition was pending, the Supreme Court decided *Begay*, which construed "violent felony" under the ACCA. For the reasons that follow, we conclude that *Begay* requires us to grant the petition for rehearing. Based on *Begay*, we now hold that under the categorical approach, Christensen's conviction for statutory rape in violation of § 9A.44.079 does not constitute a violent felony under the ACCA.[1] We reverse and remand for further proceedings.

---

[1]Christensen also contends that his Sixth Amendment rights were violated because the government failed to charge the ACCA sentence enhancement in his indictment and to prove to a jury beyond a reasonable doubt that his prior convictions were for violent felonies. In our earlier unpublished memorandum disposition, we held that Christensen's Sixth Amendment rights were not violated. We do not revisit that holding.

## II. Discussion

### A. Categorical Approach

The ACCA requires a minimum sentence of fifteen years for individuals who violate 18 U.S.C. § 922(g) and have three prior convictions for a "*violent felony* or a serious drug offense." 18 U.S.C. § 924(e)(1) (emphasis added). The central question in this appeal is whether, under the categorical approach, statutory rape qualifies as a "violent felony."

**[1]** The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* § 924(e)(2)(B) (emphasis added). Statutory rape qualifies as a "violent felony" only if it comes within the italicized catch-all clause — "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii).

**[2]** The Supreme Court construed the catch-all clause of the ACCA in *Begay,* 128 S. Ct. at 1581. The question in *Begay* was whether driving under the influence of alcohol ("DUI") under New Mexico law qualified as a "violent felony" under the catch-all clause. *See id.* at 1583-84. The Court held that it did not. *See id.* at 1583, 1588.

**[3]** The Court used an *ejusdem generis* analysis, concluding that crimes covered by the catch-all clause must involve con-

duct similar to the conduct in the four crimes specifically named in the statute:

> In our view, the provision's listed examples — burglary, arson, extortion, or crimes involving the use of explosives — illustrate the kinds of crimes that fall within the statute's scope. Their presence indicates that the statute covers only *similar* crimes, rather than *every* crime that "presents a serious potential risk of physical injury to another."

*Id.* at 1584-85 (emphasis in original). The Court went on:

> In our view, DUI differs from the example crimes — burglary, arson, extortion, and crimes involving the use of explosives — in at least one pertinent, and important, respect. The listed crimes all typically involve *purposeful, "violent," and "aggressive" conduct.* . . .

> By way of contrast, statutes that forbid driving under the influence, such as the statute before us, typically do not insist on *purposeful, violent, and aggressive conduct*; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all.

*Id.* at 1586-87 (emphasis added).

The Court specifically rejected the approach of the dissent, which would have analyzed the risk of harm posed by the behavior without regard for whether the defendant's crime involved "purposeful, violent, and aggressive" conduct:

> Were we to read the statute without this distinction, its 15-year mandatory minimum sentence would apply to a host of crimes which, though dan-

gerous, are not typically committed by those whom one normally labels "armed career criminals." . . . The statute's use of examples (and the other considerations we have mentioned) indicate the contrary.

The dissent's approach . . . would likely include these crimes within the statutory definition of "violent felony," along with any other crime that can be said to present "a serious potential risk of physical injury."

*Id.* at 1587.

**[4]** Because the Court in *Begay* used the conjunction "and," all three of its criteria — "purposeful, violent, and aggressive" — must be satisfied. We do not decide whether statutory rape is necessarily "purposeful" as the Court used that word in *Begay*. But because statutory rape may involve consensual sexual intercourse, *Heming*, 90 P.3d at 63, it does not necessarily involve either "violent" or "aggressive" conduct. We therefore conclude that a conviction for statutory rape in violation of Washington Revised Code § 9A.44.079 does not qualify under the categorical approach as a violent felony under the ACCA.[2]

### B.   Modified Categorical Approach

**[5]** The district judge did not reach the question whether under the modified categorical approach Christensen committed a "violent felony" under ACCA. Nor did the parties brief that question on appeal. We remand to allow the district court to consider the question in the first instance.

---

[2]It is evident from our discussion that our earlier holding in *Asberry* that statutory rape is a "crime of violence" under U.S.S.G. § 4.B1.2 may no longer be good law. However, because the continuing vitality of *Asberry* is not before us, we do not address this issue.

### III. Conclusion

For the foregoing reasons, we hold that statutory rape under Washington Revised Code § 9A.44.079 is not categorically a "violent felony" within the meaning of the ACCA. We withdraw our unpublished memorandum disposition, 2007 WL 1544714 (9th Cir. May 25, 2007), with respect to this issue, reverse the decision of the district court, and remand for further proceedings in light of this opinion.

REVERSED AND REMANDED.