**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ARMANDO JOSEPH CORONADO,
        *Defendant-Appellant.*

No. 09-50154

D.C. No.
2:08-cr-00317-
DSF-1

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
February 3, 2010—Pasadena, California

Filed May 3, 2010

Before: Mary M. Schroeder, Raymond C. Fisher and
N. Randy Smith, Circuit Judges.

Opinion by Judge Schroeder

## COUNSEL

Jennifer J. Uyeda, Los Angeles, California, for the defendant-appellant.

Angela Sanneman, Los Angeles, California, for the plaintiff-appellee.

## OPINION

SCHROEDER:

Armando Joseph Coronado appeals the sixty-three month sentence he received following the entry of his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The sentence included a six level increase to Coronado's base offense level for a prior "crime of violence," pursuant to U.S. Sentencing Guideline § 2K2.1(a) (4)(A). The enhancement was imposed on account of Coronado's prior California state court conviction under California Penal Code section 246.3 for discharging a firearm in a grossly negligent manner.

The district court ruled that the California conviction was a crime of violence because the intentional discharge of a firearm fell within U.S. Sentencing Guideline § 4B1.2(a)'s residual clause, which encompasses "any offense . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008), guides our interpretation of the Sentencing Guideline at issue here because *Begay* considered an identical residual clause in the Armed Career Criminal Act ("ACCA"). The Court held the language contains an implied requirement of "purposeful, violent, and aggressive conduct." *Id.* at 144-45. Negligent or reckless conduct does not qualify. The California statute in question penalizes conduct that is only grossly negligent. We therefore join other circuits in concluding that a conviction under a statute proscribing grossly negligent conduct, even though it involves an intentional and potentially dangerous act, is not a "crime of violence" within the meaning of U.S. Sentencing Guideline § 4B1.2(a). *See, e.g.*, *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009) (en banc).

## DISCUSSION

In the district court, Coronado pled guilty to a one-count indictment for being a felon in possession of a firearm in vio-

lation of 18 U.S.C. § 922(g)(1). As part of his plea agreement, Coronado admitted that he had previously been convicted in California of discharging a firearm with gross negligence. At sentencing, the parties disputed whether that conviction was a crime of violence. The district court described the issue as "close," recognizing that it is one of first impression in this circuit. The district court considered *Begay*, but reasoned it did not control because it did not involve the same Sentencing Guideline at issue here. The district court went on to hold that even if *Begay* controlled, the California conviction differs from the DUI offense involved in *Begay* because the California conviction was for the intentional discharge of a weapon, and such conduct necessarily presents a likely cause of injury or death.

We review de novo the classification of a defendant's prior conviction for purposes of applying the Sentencing Guidelines. *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2005).

## I.

**[1]** We first consider whether the residual clause of the definition of a "crime of violence" in U.S. Sentencing Guideline § 4B1.2 is governed by *Begay*'s analysis. The district court held it is not, because *Begay* was construing the language of the ACCA. The Sentencing Guidelines at § 2K2.1 establish an enhancement for a prior conviction that is a "crime of violence." That provision incorporates by reference the definition of "crime of violence" found at U.S. Sentencing Guideline § 4B1.2(a). U.S.S.G. § 2K2.1, cmt. n.1. Under that provision, a "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). This court has referred to the first clause as the "element test," the second clause as the "enumerated offense approach," and the third clause as the "serious risk of injury test," *United States v. Gomez-Leon*, 545 F.3d 777, 787-88 (9th Cir. 2008), or "residual clause," *United States v. Snellenberger*, 548 F.3d 699, 706 (9th Cir. 2008). Only the residual clause, which broadens the definition of a "crime of violence" to include any offense that "otherwise involves conduct . . . ," is at issue here.

**[2]** In *Begay*, the Supreme Court interpreted an identical residual clause in the ACCA. The ACCA defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that —
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added).

**[3]** There are various statutory and Guideline definitions of what constitutes a "crime of violence." *See, e.g.*, 18 U.S.C.

§§ 16, 924(c)(3); U.S.S.G. §§ 4B1.2, 2L1.2 cmt. n.1(B)(iii). We have observed that these definitions are not always interchangeable. In *Gomez-Leon* we distinguished between a different Guideline definition of "crime of violence," pertaining to illegal reentry, and some statutory definitions. 545 F.3d at 786-87. Our discussion in *Gomez-Leon* led the district court to hold in this case that the Supreme Court's analysis in *Begay*, which interpreted the statutory residual clause in the ACCA, did not apply to the residual clause in U.S. Sentencing Guideline § 4B1.2 at issue here, even though the language is identical. Our observation in *Gomez-Leon* was not meant to suggest, however, that similar language can never mean the same thing in a Guideline that it means in a statute. Indeed, because the language of both the ACCA and the Guideline adopt the same "serious risk of injury" test, the analysis in *Gomez-Leon* suggests the definitions should be interpreted similarly. *See id.* at 786-90. The *Begay* analysis controls ours.

In holding that *Begay*'s analysis applies in the context of U.S. Sentencing Guideline § 4B1.2, we are in agreement with every circuit that has had occasion to reach the issue. *See United States v. Herrick*, 545 F.3d 53, 58 (1st Cir. 2008); *United States v. Gray*, 535 F.3d 128, 130-31 (2d Cir. 2008); *United States v. Roseboro*, 551 F.3d 226, 229 n.2 (4th Cir. 2009) (*abrogated on other grounds by United States v. Rivers*, 595 F.3d 558, 560 (4th Cir. 2010)); *United States v. Mohr*, 554 F.3d 604, 609 n.4 (5th Cir. 2009); *United States v. Baker*, 559 F.3d 443, 453 (6th Cir. 2009); *United States v. Spells*, 537 F.3d 743, 754 (7th Cir. 2008); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008); *United States v. Williams*, 559 F.3d 1143, 1147-48 n.7 (10th Cir. 2009); *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Although not conceding the issue, the government does not seriously contest that our task is to apply the same analysis the Court applied in *Begay* to determine whether the defendant's prior conviction is a "crime of violence" under U.S. Sentencing Guideline § 4B1.2.

## II.

We therefore next examine *Begay* and the standard it created. The issue before the Supreme Court in *Begay* was whether a New Mexico conviction for driving under the influence of alcohol fit within the residual clause of the ACCA. 553 U.S. at 139-40. Like the residual clause here, ACCA provides that a "violent felony" includes any crime punishable by more than one year imprisonment that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

**[4]** The Court assumed that driving under the influence involved conduct that "presents a serious potential risk of physical injury to another." *Begay*, 553 U.S. at 141. The Court focused, however, on the enumerated examples of conduct in the preceding clause that illustrated what the crime must be like, and referenced the enumerated examples of "burglary, arson, or extortion," or an offense involving the "use of explosives." *Id.* at 142. The Court held that the crimes encompassed by the residual clause must be similar to the enumerated examples both "in kind as well as in degree of risk posed." *Id.* at 143. The court characterized the enumerated examples as offenses involving "purposeful, violent, and aggressive conduct." *Id.* at 145.

The Court then concluded in *Begay* that the DUI crime did not involve such conduct because the crime of driving under the influence did not share the "purposeful, violent, and aggressive" characteristics of the enumerated crimes. *Id.* at 144-48. Accordingly, the DUI was not a violent felony under the ACCA, even though the Court recognized that the conduct created a serious risk of causing injury or death. *Id.* at 148.

**[5]** The question here therefore becomes whether a person convicted of negligent discharge of a firearm under California Penal Code section 246.3 necessarily engaged in conduct that was "purposeful, violent, and aggressive." *See Begay,* 553

U.S. at 145; *see also United States v. Christensen*, 559 F.3d 1092, 1095 (9th Cir. 2009) (following *Begay*). All three criteria must be satisfied for the California crime to be a categorical match with the federal definition. *Christensen*, 559 F.3d at 1095. We thus held in *Christensen* that statutory rape was not a violent felony under the ACCA, emphasizing that the crime was, like the DUI crime in *Begay*, one that " 'criminaliz[ed] conduct in respect to which the offender need not have any criminal intent at all.' " *Id.* (quoting *Begay*, 553 U.S. at 145).

**[6]** Coronado correctly contends that his conviction under section 246.3 cannot be a crime of violence because a conviction under section 246.3 only requires gross negligence, and crimes with a mens rea of gross negligence or recklessness do not satisfy *Begay*'s requirement of "purposeful" conduct. This is because "gross negligence" and recklessness do not require criminal intent. *See People v. Ramirez*, 201 P.3d 466, 471 (Cal. 2009).

**[7]** The government responds that section 246.3 does require "purposeful" conduct because the statute requires the intentional act of discharging a firearm. We agree with Coronado, however, because the conduct, albeit intentional, is not intended to harm anyone. In that key respect, it is not like the enumerated crimes of burglary of a dwelling, arson, extortion or those involving use of explosives.

This is borne out by the California cases interpreting the underlying criminal statute, California Penal Code section 246.3. The statute creates a felony offense when "any person . . . willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person." Cal. Penal Code § 246.3. California courts have defined the elements of a section 246.3 offense to include: "(1) the defendant unlawfully discharged a firearm; (2) the defendant did so intentionally; and (3) the defendant did so in a grossly negligent manner which could result in the injury or death of a per-

son." *People v. Overman*, 24 Cal. Rptr. 3d 798, 809 (Cal. Ct. App. 2005) (internal quotation marks omitted). *Overman* characterizes section 246.3 as a "general intent crime" because "its mental state consists of an intent to do the act that causes the harm." *Id.* The California Court of Appeal went on to say that the statute unequivocally "does not require a specific intent to do a further act or achieve a future consequence beyond the act of discharging a firearm in a grossly negligent manner." *Id.* (internal quotation marks omitted). In other words, it does not require any intent to cause harm.

While we have not previously had occasion to consider whether a predicate offense with a mens rea of gross negligence can satisfy *Begay*'s requirement of "purposeful" conduct, we have considered the meaning of "purposeful" in other contexts. In *Fernandez-Ruiz v. Gonzales*, we decided that a misdemeanor conviction for a domestic assault did not constitute a "crime of domestic violence" within the meaning of our federal immigration law, because the Supreme Court, in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377 (2004), interpreted a "crime of domestic violence" under the immigration law to cover only those crimes involving "volitional" and not "accidental" acts. 466 F.3d 1121, 1123 (9th Cir. 2006) (en banc). The statute at issue in *Fernandez-Ruiz* required only recklessness, not purposeful conduct. *Id.* at 1129-30. We explained with reference to the dictionary definition, " 'Purposeful' means '[d]one with a specific purpose in mind; DELIBERATE.' . . . . Reckless conduct, as generally defined, is not purposeful." *Id.* at 1130 (quoting *Black's Law Dictionary* 16 (8th ed. 2004)). Consistent with our analysis in *Fernandez-Ruiz*, "grossly negligent" conduct as required under section 246.3 cannot satisfy *Begay*'s "purposeful" conduct standard.

It is true, as the district court recognized, that discharge of a firearm in a grossly negligent manner as proscribed by section 246.3, especially in a populated area, may very well create a high likelihood of substantial harm to others. The

California statute, however, while clearly requiring an intentional act, does not require that the act be done with intent to harm, or even that the act be directed toward any other person. The act therefore need not be "purposeful, violent, and aggressive" as required by *Begay*.

In so holding, we agree with the other circuits that have considered similar questions. *See United States v. Herrick*, 545 F.3d 53, 59 (1st Cir. 2008) (residual clause does not encompass vehicular manslaughter with mens rea of criminal negligence because not purposeful or aggressive); *United States v. Gray*, 535 F.3d 128, 131-32 (2d Cir. 2008) (residual clause does not encompass reckless endangerment in first degree because not purposeful); *United States v. Baker*, 559 F.3d 443, 452-53 (6th Cir. 2009) (residual clause does not encompass reckless endangerment involving a deadly weapon because not purposeful, violent and aggressive); *United States v. Woods*, 576 F.3d 400, 410-13 (7th Cir. 2009) (en banc) (residual clause does not encompass involuntary manslaughter, which requires recklessness, because not purposeful); *United States v. Archer*, 531 F.3d 1347, 1351 (11th Cir. 2008) (residual clause does not encompass carrying a concealed firearm, where statute does not require specific intent, because not necessarily purposeful, violent, or aggressive).

The case addressing an argument closest to the government's argument in this case is the Seventh Circuit's decision in *Woods*. At issue in *Woods* was whether a prior conviction for involuntary manslaughter, which required only a finding of reckless conduct, qualified as a prior "crime of violence" under the residual clause of U.S. Sentencing Guideline § 4B1.1. 576 F.3d at 401. The government argued in *Woods* that because the defendant had intended to drink and drive when he caused a DUI death, the death was "purposeful." *Id.* at 410. The majority of the Seventh Circuit rejected the government's proposed distinction between the act and the consequence as contradictory to *Begay*:

> In our view, this is precisely the distinction that the *Begay* Court rejected. In *Begay* itself, the defendant intended both the act of drinking alcoholic beverages and the act of driving his car; he was reckless only with respect to the consequences of those acts. . . . The Government's argument not only blurs that line; it obliterates it.

*Id.* In *Woods*, the reckless conduct had resulted in a death, which the dissenting opinion stressed. *See id.* at 414 (Easterbrook, C.J., dissenting) ("How can homicide *not* be an intentional, violent, and aggressive act?"). In this case, the consequence of the act of discharging the firearm was only the creation of a risk and not an actual injury to another person, so the concerns of the dissent in *Woods* are not implicated. Moreover, as the Seventh Circuit noted, "[e]very crime of recklessness necessarily requires a purposeful, volitional act that sets in motion the later outcome." *Id.* at 411 (majority opinion). Thus, it held, "crimes with the *mens rea* of recklessness do not fall within [the] scope" of the residual clause as interpreted by *Begay*. *Id.* at 413.

**[8]** We therefore hold that California Penal Code section 246.3, discharging a firearm in a grossly negligent manner, is not a "crime of violence" under U.S. Sentencing Guideline § 4B1.2(a), because it proscribes only acts of gross negligence that are not "purposeful, violent, and aggressive" as required by the Supreme Court's analysis in *Begay*.

## III.

**[9]** The government finally argues that even if Coronado's prior conviction under section 246.3 does not constitute a "crime of violence," we should affirm Coronado's sentence as harmless error. The government argues the error was harmless because the district court stated at sentencing that the rest of Coronado's criminal record of prior convictions was serious enough to warrant an upward departure even if the prior con-

viction under section 246.3 were not a crime of violence warranting an enhancement. The district court imposed the enhancement, however, before this court had an opportunity to consider the applicability of *Begay* to U.S.S.G. § 4B1.2 and hence without a full understanding of what our law now requires to be the elements of a "crime of violence." We therefore must vacate the sentence and remand for resentencing. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2003) (miscalculation of Guideline range is procedural error requiring reversal).

Sentence **VACATED** and **REMANDED**.