# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

EDUARDO MUNOZ-CAMARENA,
            *Defendant-Appellant.*

No. 09-50088

D.C. No.
3:08-CR-02701-
LAB-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued February 5, 2010
Submitted September 3, 2010
Pasadena, California

Filed September 3, 2010

Before: Betty B. Fletcher, Harry Pregerson, and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

13455

## COUNSEL

Caroline Han, Mark R. Rehe, Office of the U.S. Attorney, San Diego, California, for the plaintiff-appellee.

Erica Kristine Zunkel, Steven Francis Hubachek, Kristi A. Hughes, Federal Public Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

## OPINION

PER CURIAM:

Eduardo Munoz-Camarena appeals his 65-month sentence for attempted illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) & (b). While his appeal was pending, the Supreme Court issued its decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), which casts doubt on the district court's calculation of the recommended Guidelines sentence in this case. We vacate the Defendant's sentence and remand for re-sentencing.

The U.S. Sentencing Guidelines Manual[1] instructs a district court to increase the base offense level for illegal re-entry by eight points if the defendant was previously convicted of an aggravated felony and then deported, U.S.S.G. § 2L1.2(b)(1)(C), or four points if the defendant was previously convicted of a felony and then deported, U.S.S.G. § 2L1.2(b)(1)(D). The district court treated Munoz-Camarena's three previous California convictions for simple possession, Cal. Health & Safety Code § 11350(a), as being equivalent to a conviction for federal recidivist possession, 21 U.S.C. § 844(a). Recidivist possession is an aggravated felony.[2] Accordingly, the district court applied an eight-level Guidelines enhancement.

**[1]** We now know that a second or subsequent conviction for simple possession does not qualify as an aggravated felony "when, as in this case, the state conviction is not based on the fact of a prior conviction." *Carachuri-Rosendo*, 130 S. Ct. at 2579. Because the Defendant's prior convictions do not qualify as aggravated felonies, but do qualify as felonies,[3] the

---

[1]All references are to the 2008 version of the Guidelines Manual.

[2]Simple possession by itself is not an aggravated felony. The statutory list of aggravated felonies includes "any felony punishable under . . . the Controlled Substances Act (§ 21 U.S.C. § 801 *et seq.*)." 18 U.S.C. § 924(c). A felony is a crime for which the "maximum term of imprisonment" authorized is "more than one year." 18 U.S.C. § 3156(a)(3). Under the Controlled Substances Act, first-time simple possession is a federal misdemeanor because the maximum authorized sentence is less than one year. 21 U.S.C. § 844(a). However, a conviction for simple possession "after a prior conviction under this subchapter or . . . under the law of any State" — recidivist simple possession — is a felony with a maximum two-year sentence. *Id.*

[3]Munoz-Camarena has three prior convictions for simple possession, two convictions for illegal entry, 8 U.S.C. § 1325, and one for illegal re-entry, 8 U.S.C. § 1326. The Sentencing Guidelines define a felony as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. The maximum sentence authorized by California law for simple possession is one year, Cal. Health & Safety Code § 11350(b), but the maximum authorized sentence for illegal entry and re-entry is greater than one year, 8 U.S.C. §§ 1325(a), 1326(a).

district court should have applied a four-level enhancement. A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing. *See United States v. Brooks*, No. 08-10301, 610 F.3d 1186 (9th Cir. 2010); *United States v. Coronado*, 603 F.3d 706, 712 (9th Cir. 2010) (citing *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)).

**[2]** The Government argues that a remand is unnecessary because the district court's error was harmless. The district court stated that it was going to sentence Munoz-Camarena to 65 months regardless of whether the four- or eight-level enhancement applied and also stated that it would apply the same sentence if the Ninth Circuit were to order resentencing. In *United States v. Menyweather*, 447 F.3d 625 (9th Cir. 2006), we held that it was not an abuse of discretion for the district court to depart downwards from the Guidelines sentence. *Id.* at 628. We further held that, even if the district court erred, "any error was harmless . . . in view of our belief that the court would impose the same sentence again, having steadfastly maintained its position in the face of two opportunities to revise its sentence." *Id.*

**[3]** Since *Menyweather* was decided, the Supreme Court has made clear that the district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the " 'starting point and the initial benchmark.' " *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)); *see also Gall*, 552 U.S. at 51 (holding that improperly calculating the Guidelines range constitutes "significant procedural error"); *Carty*, 520 F.3d at 991. The Supreme Court also has emphasized that the recommended Guidelines range must "be kept in mind throughout the process." *Carty*, 520 F.3d at 991; *see also Gall*, 552 U.S. at 50 n.6 ("[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."). Therefore, subsequent Supreme Court authority has effectively overruled the

application of the harmless error analysis employed in *Meny-weather* to the miscalculation of a Guidelines sentence. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) ("[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority . . . a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled.").

**[4]** Because a district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence, *Carty*, 520 F.3d at 991-92, we cannot say that the district court's incorrect application of the eight-level enhancement was harmless. Had the district court started with the correct Guidelines range of 24 to 30 months, rather than 33 to 41 months, it may have arrived at a different sentence. A remand for resentencing is required.

Because we are remanding on the basis of an error in the Guidelines calculations, we need not reach Munoz-Camarena's alternative arguments in support of a remand: that the district court failed to consider all of the 18 U.S.C. § 3553(a) factors and that the 65-month sentence improperly took into account the fact that Munoz-Camarena had violated the terms of his supervised release. *See, e.g.*, *United States v. Forrester*, No. 09-50029, 2010 WL 2977722, at *17 (9th Cir. July 30, 2010).

**SENTENCE VACATED, REMANDED FOR RESENTENCING.**