UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN BRADLEY PETERSON,

Defendant - Appellant.

No. 07-30465

D.C. No. CR-06-60130-HO
District of Oregon,
Eugene

ORDER

Before: HAWKINS, FISHER, and BYBEE, Circuit Judges.

The Memorandum Disposition filed October 27, 2009, is hereby ordered

WITHDRAWN.

Appellee's petition for panel rehearing, filed November 10, 2009, is

DENIED as moot.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30465 |
| Plaintiff - Appellee, | D.C. No. CR-06-60130-HO |
| v. | |
| JONATHAN BRADLEY PETERSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 15, 2011
Portland, Oregon

Before: HAWKINS, FISHER, and BYBEE, Circuit Judges.

Jonathan Peterson appeals the district court's imposition of a career offender

sentence enhancement pursuant to section 4B1.1(a) of the U.S. Sentencing

Guidelines.  Peterson argues that the district court improperly determined that his

prior Oregon state convictions for vehicle flight pursuant to Or. Rev. Stat.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 811.540(1)(b)(A) were "crimes of violence" under the modified categorical approach of *Taylor v. United States*, 495 U.S. 575, 602 (1990). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In *Sykes v. United States*, 131 S. Ct. 2267 (2011), the Court held that Indiana's felony vehicle flight statute categorically qualifies as a "violent felony" for purposes of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Because cases interpreting the term "violent felony" are controlling as to whether a particular offense constitutes a "crime of violence" under the Guidelines as well, *see United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010), and because we have held that there is no material distinction between the Indiana and Oregon vehicle flight statutes, *United States v. Snyder*, 643 F.3d 694, 699 (9th Cir. 2011), we must affirm Peterson's sentence.

Imposing a career offender sentence does not violate Peterson's due process right, even though he was not on notice that his prior convictions were categorically crimes of violence at the time he committed the underlying offense in 2006. In 2006, the law put him on notice that his conduct subjected him to the career offender enhancement under the *modified* categorical approach. *See United States v. Kelly*, 422 F.3d 889, 895 (9th Cir. 2005). Because our decision today—that the categorical approach applies—is not so materially different as to be

2

prejudicial to Peterson in formulating a defense at sentencing, affirming his sentence is not a violation of due process. Peterson's request to remand this case to the district court for resentencing and consideration of a downward departure is denied.

AFFIRMED.