<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4602

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL RAY THORNTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:05-cr-00029-JCT)

Argued: February 2, 2007          Decided: March 21, 2007

Before WILKINS, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Fay Frances Spence, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Larry W. Shelton, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ray Thornton appeals his criminal sentence. As we explain below, we vacate the sentence and remand for further proceedings.

Thornton was convicted of one count of illegal firearm possession and one count of illegal body armor possession, in violation of 18 U.S.C. §§ 922(g)(1) and 931, respectively. Under 18 U.S.C. § 924(e), a person convicted of § 922(g) who has three prior convictions "for a violent felony . . . committed on occasions different from one another" is subject to a 15-year mandatory minimum term of imprisonment. For purposes of § 924(e), a "violent felony" is any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B).

Thornton's presentence report ("PSR") indicates that he has prior felony convictions for statutory burglary and maiming (which occurred in 1973), and for aggravated sexual battery, attempted rape, and statutory rape (which occurred in 1986). Because of these convictions, the PSR recommended that Thornton receive the § 924(e) 15-year mandatory minimum. Thornton objected to this recommendation, arguing that he only has two, rather than three,

2

qualifying "violent felony" convictions because his statutory burglary and maiming convictions count as one conviction, his aggravated sexual battery and attempted rape convictions count as one conviction, and his conviction for statutory rape is not a "violent felony" and therefore does not count at all. The district court overruled Thornton's objection, holding that the statutory rape conviction is a "violent felony." Alternatively, the district court held that even if the statutory rape conviction is not a "violent felony," Thornton still has three qualifying "violent felony" convictions because the aggravated sexual battery and attempted rape convictions count separately (i.e., they were "committed on occasions different from one another"). Thornton challenges both of these holdings on appeal.

Thornton's sentence can stand only if we conclude that (1) his statutory rape conviction is a "violent felony" or (2) his aggravated sexual battery and attempted rape convictions were "committed on occasions different from one another." Either alternative would suffice to give him three qualifying "violent felony" convictions.

While not conceding that the aggravated sexual battery and attempted rape convictions arose from a single criminal episode, the government does concede that the record does not contain sufficient information from approved judicial sources from which the district court could have determined that the convictions were

3

committed on different occasions.  Brief of Appellee, at 19.
Accordingly, the government argues that if we conclude that
Thornton's statutory rape conviction is not a "violent felony,"
then we should remand this case for further proceedings in order to
allow the district court to determine whether the aggravated sexual
battery and attempted rape convictions were committed on different
occasions.  Id. at 20-21.

In light of this concession, we can uphold Thornton's sentence
at this stage of the proceedings only if we conclude that his
statutory rape conviction constitutes a "violent felony."  Without
expressing an opinion on the merits of that issue, we have decided
that the prudent course under the circumstances is to remand this
case for further sentencing proceedings in order to allow the
district court to explore further and explain whether the
aggravated sexual battery and attempted rape convictions each
qualify as a "violent felony."  See Anderson v. United States, 417
U.S. 211, 218 (1974) ("We think it inadvisable . . . to reach out
. . . to pass on important questions of statutory construction when
simpler, and more settled, grounds are available for deciding the
case at hand.").  Further, in order to provide a more complete
record on the statutory rape issue, the district court should also
consider and address whether most violations of Va. Code § 18.2-63,
which is the statute under which Thornton was convicted, present a
serious potential risk of physical injury to another person.  See

4

<u>United States v. Sacko</u>, 178 F.3d 1, 6 (1st Cir. 1999) (remanding to the district court for evidentiary hearing on issue of whether sexual penetration of 14-year-old girl by an adult involves conduct presenting a serious risk of physical injury).  On both of these issues, the district court should permit the parties, if appropriate, to present evidence.

Based on the foregoing, we vacate the sentence and remand for further proceedings consistent with this opinion.

<u>VACATED AND REMANDED</u>