PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL RAY THORNTON,

*Defendant-Appellant.*

No. 08-4251

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(7:05-cr-00029-JCT-1)

Argued: December 2, 2008

Decided: February 3, 2009

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Reversed, vacated, and remanded by published opinion. Judge Duncan wrote the opinion, in which Judge King and Judge Shedd joined.

## COUNSEL

**ARGUED:** Fay Frances Spence, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appel-

lee. **ON BRIEF:** Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, for Appellant. Julia C. Dudley, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

## OPINION

DUNCAN, Circuit Judge:

A jury convicted Michael Ray Thornton of possessing a firearm and body armor in violation of 18 U.S.C. §§ 922(g)(1) and 931. During his sentencing, the district court classified Thornton as an armed career criminal subject to a sentence enhancement based in part on a 1986 statutory rape conviction. At issue on appeal is whether Virginia's statutory rape offense, which makes it a crime to "carnally know[ ], without the use of force, a child" between thirteen and fifteen years of age, is a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). Because we find that Virginia's carnal knowledge offense does not constitute a violent felony under the ACCA as interpreted by *Begay v. United States*, 128 S. Ct. 1581 (2008), we are constrained to reverse.

I.

A grand jury indicted Thornton on March 24, 2005 for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for possession of body armor by a convicted felon in violation of 18 U.S.C. § 931. A jury convicted him on both counts on February 13, 2006. On May 12, 2006, the district court classified Thornton as an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to a total of 204 months.[1] The court based its sentence on four pre-

---

[1]Thornton received a sentence of 204 months for the firearm possession count and 36 months (concurrent) for the body armor possession count.

vious convictions, finding that any three would support Thornton's classification as an armed career criminal: a July 1973 conviction for statutory burglary and maiming; an August 1986 conviction for aggravated sexual battery; an August 1986 conviction for attempted rape; and an August 1986 conviction for "carnal knowledge of a minor" between thirteen and fifteen years old.[2]

Thornton appealed, contesting his classification as an armed career criminal. We vacated his sentence and remanded the case in a March 21, 2007 unpublished opinion. *United States v. Thornton*, 222 F. App'x 325 (4th Cir. 2007). The opinion instructed the district court to determine whether Thornton's aggravated sexual battery and attempted rape offenses, which involved the same victim, occurred on separate occasions and represented separate predicate offenses under the ACCA. The opinion also instructed the district court to consider whether statutory rape creates a "serious potential risk of physical injury to another person," such that it constitutes a violent felony within the meaning of the ACCA.[3] *Id.* at *2.

---

Under 18 U.S.C. § 924(e), any person convicted of firearm possession under section 922(g) who has three prior violent felony convictions is an armed career criminal subject to a fifteen-year mandatory minimum term of imprisonment.

[2]Thornton was convicted of statutory rape in August 1986 under Va. Code § 18.2-63. Under this statute, a person is guilty of statutory rape if he "carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age." *Id.* § 18.2-63(A). The statute defines "carnal knowledge" to include "the acts of sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration." *Id.* § 18.2-63(C).

[3]The ACCA defines a violent felony as follows:

(B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another . . . .

18 U.S.C. § 924 (e)(2)(B).

The district court held an evidentiary hearing on October 18, 2007 and accepted additional briefing from counsel. At the hearing, both parties offered expert evidence on the risks of physical injury, pregnancy, and sexually transmitted diseases ("STDs") that accompany nonforcible sexual activity between an adult male and a minor female between thirteen and fifteen years old. On January 18, 2008, before the Supreme Court's decision in *Begay*, the district court issued a memorandum opinion. It held that Thornton's aggravated sexual battery and attempted rape offenses did not occur on separate occasions and could not count as two separate predicate convictions under the ACCA. The district court also held that statutory rape, as defined by Va. Code § 18.2-63, constituted a violent felony because the risk of STDs and pregnancy created a serious potential risk of physical injury. The court reimposed its original sentence of 204 months for possession of a firearm by a convicted felon and 36 months (concurrent) for possession of body armor by a convicted felon. Thornton now appeals the district court's decision classifying Virginia's carnal knowledge offense as a violent felony under 18 U.S.C. § 924(e)(2)(B).

## II.

We have jurisdiction over Thornton's appeal under 28 U.S.C. § 1291. When considering a sentence's reasonableness, we "review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008) (quoting *United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006)); *see also United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002) (noting that the question of whether a state felony offense "falls within the federal definition of a crime of violence . . . is a question of law that we review *de novo*" (citing *United States v. Dickerson*, 77 F.3d 774, 775 (4th Cir. 1996))).

## III.

Under the ACCA, a violent felony either "has as an element the use, attempted use, or threatened use of physical force,"

or is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The parties do not argue that Virginia's carnal knowledge offense, which criminalizes carnal knowledge of a minor "without the use of force," does not fall under the definition's first prong. Rather, they frame the issue as whether Virginia's carnal knowledge offense is sufficiently similar to the crimes enumerated in 18 U.S.C. § 924(e)(2)(B)(ii) and whether it involves a "serious potential risk of physical injury."

In arguing that Virginia's carnal knowledge offense does not fall under the second prong of section 924(e)(2)(B), Thornton relies heavily on *Begay v. United States*, 128 S. Ct. 1581 (2008), which postdates the district court's decision.[4] In *Begay*, the Supreme Court addressed whether New Mexico's offense of driving under the influence of alcohol ("DUI") constituted a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii).[5] The *Begay* Court held that violent felonies under the second prong are limited to crimes "that are roughly similar, in kind as well as in degree of risk posed, to the examples" of arson, burglary, extortion, and crimes involving explosives. *Id.* at 1585. The Court found that New Mexico's DUI offense is not a violent felony under the second prong because unlike the exemplar crimes, it does not "involve purposeful, violent, and aggressive conduct" and is not "characteristic of the armed career criminal." *Id.* at 1586 (quotations and citation omitted).

---

[4]We nevertheless consider *Begay* in evaluating Thornton's direct appeal of his conviction because "[w]hen a decision of the Supreme Court results in a new rule, that rule applies to all criminal cases still pending on direct review." *United States v. Morris*, 429 F.3d 65, 69 (4th Cir. 2005) (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)) (internal punctuation omitted).

[5]The *Begay* Court noted that New Mexico's DUI offense did not "fall within the scope" of the first prong, section 924(e)(2)(B)(i), because the offense "nowhere has as an element the use, attempted use, or threatened use of physical force against the person of another." 128 S. Ct. at 1584 (quotation marks and citation omitted).

Rather, the Court likened DUI to "crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Id.* at 1586-87. The Court found that a DUI conviction did not "show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Id.* at 1587.

Thornton argues that Virginia's carnal knowledge offense is not sufficiently similar to the enumerated crimes in section 924(3)(2)(B)(ii) and does not present a "serious potential risk of physical injury." Pointing out that the risks of STD transmission and pregnancy associated with nonforcible adult-minor sexual activity "depend upon a speculative chain of events unrelated to the age of the sexual partners," he argues that the carnal knowledge offense does not present the same degree of risk as the enumerated crimes. Pet'r Br. at 14. Thornton also distinguishes the carnal knowledge offense because it is not a property crime like the enumerated crimes. He argues that it is more akin to the DUI offense analyzed in *Begay* because it "involves consensual conduct 'that would be lawful but for the age of the minor'" and "does not require criminal intent." Pet'r Reply Br. at 6. Thornton emphasizes in addition that the Sentencing Guidelines do not classify the equivalent federal offense, which criminalizes sexual abuse of a minor, to be a violent felony.

The government marshals several arguments in response, which we address separately below. First, the government emphasizes that Virginia's carnal knowledge offense presents a significant risk of bodily injury and should therefore be classified as a violent felony. To support this contention, the government devotes much of its brief to the expert testimony presented on the risks of STDs and pregnancy associated with sexual activity between an adult male and female minor. The government also relies heavily on circuit court cases finding that offenses involving adult-minor sexual activity carry a serious risk of physical injury. Second, based on its expert's

testimony and supporting case law, the government contends that that Virginia's statutory rape offense is "roughly similar in kind" to crimes like arson and burglary "because the most common attribute of the enumerated offenses [of section 924(e)(2)(B)(ii)] . . . is that all of these offenses create significant risks of bodily injury or confrontation that might result in bodily injury." Resp't Br. at 20. Lastly, the government argues that the carnal knowledge offense involves "constructive force" because the victim is unable to give legal consent. The government contends that the presence of constructive force, as well as the fact that "[s]ex acts are by nature purposeful and deliberate acts," brings the carnal knowledge offense under the ACCA's definition of a violent felony. Resp't Br. at 47.

Although not without weight, the government's arguments are unavailing in light of *Begay* for several reasons. First, the government's emphasis on the risks of physical injury associated with adult-minor sexual activity ignores the Supreme Court's reasoning in *Begay*, which rejected the notion that section 924(e)(2)(B)'s second prong covers "*every* crime that 'presents a serious potential risk of physical injury to another.'" 128 S. Ct. 1585. The *Begay* Court interpreted the examples enumerated in section 924(e)(2)(B)(ii) to indicate "that the statute covers only *similar* crimes," that is, crimes that "typically involve purposeful, 'violent' and 'aggressive' conduct." *Id.* at 1585-86. Under *Begay*, the government's reliance on expert testimony and case law suggesting that statutory rape involves a serious risk of physical injury is not sufficient to support Thornton's classification as an armed career criminal. The offense must also be like those listed in section 924(e)(2)(B)(ii), both in kind and degree of risk. In considering a Michigan "criminal sexual conduct" offense, the Sixth Circuit has concluded similarly, noting that under *Begay*, "this court's determination that at least some convictions involving sexual contact with minors present 'a serious potential risk of physical injury' is not sufficient to establish that the conviction comes within the scope of [section

924(e)(2)(B)(ii)]." *United States v. Bartee*, 529 F.3d 357, 362-63 (6th Cir. 2008). *Accord United States v. Templeton*, 543 F.3d 378, 382 (7th Cir. 2008) (stating that "*Begay* holds that risk is insufficient" and that "it is *necessary* [that] the offense in question is sufficiently 'like' the list [of exemplar crimes]").

Second, in addressing whether Virginia's carnal knowledge offense is similar to the exemplar crimes, the government's analysis effectively collapses this inquiry into its exhaustive analysis of whether the offense involves a serious risk of injury. Citing *James v. United States*, 127 S. Ct. 1586 (2007), the government emphasizes that the Supreme Court found that "the most relevant common attribute of the enumerated offenses . . . is that all of these offenses . . . create significant risks of bodily injury or confrontation that might result in bodily injury." *Id.* at 1592. As noted above, the *Begay* Court rejected the notion that every crime that involves a serious risk of injury constitutes a violent felony.

In light of *Begay*, the government's position largely depends on its contention that Virginia's carnal knowledge offense is sufficiently similar to the enumerated crimes because the offense involves constructive force, which a court may infer because the minor victim lacks capacity to give legal consent. This argument, however, conflates the presence of force and the minor's inability to consent, and thereby attempts to shoehorn the carnal knowledge offense into the definition of a violent felony. This ignores the Virginia Criminal Code's distinction between forcible and nonforcible sexual offenses. *Compare* Va. Code § 18.2-61 (classifying forcible rape as a felony punishable by a minimum of five years up to a maximum of life in prison, with a minimum of 25 years in the presence of certain aggravating factors) *with* Va. Code § 18.2-63 (classifying nonforcible carnal knowledge of a minor as a Class 4 felony, punishable under Va. Code § 18.2-10(d) by a minimum of two years up to a maximum of ten years in prison). Although the government correctly points

out that under Virginia law a minor victim cannot give legal consent to sexual activity, the victim's inability to consent does not erase the Code's distinction between forcible and nonforcible sexual offenses. The Code's structure shows that the Virginia General Assembly considers forcible and nonforcible sexual offenses to present different risks that are punishable in different ways. Although Virginia's forcible sexual offenses may qualify as violent felonies under the ACCA, the government cannot persuasively argue that the nonforcible carnal knowledge offense constitutes a violent felony by conflating it with Virginia's forcible sexual offenses through the concept of constructive force.

Nor can the government successfully argue, as it highlighted during oral argument, that Virginia's carnal knowledge offense is inherently purposeful, violent and aggressive like the enumerated crimes because the minor victim cannot give legal consent. The government argues that the carnal knowledge offense constitutes a violent felony because "[s]ex acts are by nature purposeful and deliberate acts." Resp't Br. at 47. The deliberation necessary to engage in adult-minor sexual activity, however, is not sufficient to bring the carnal knowledge offense within the definition of a violent felony. A qualifying offense must also be "violent" and "aggressive," like the enumerated crimes. *See United States v. Herrick*, 545 F.3d 53, 58-59 (1st Cir. 2008) (interpreting *Begay* to mean that "all three types of conduct—i.e., purposeful, violent and aggressive—are necessary for a predicate crime to qualify as a 'violent felony' under ACCA"); *cf. United States v. Gray*, 535 F.3d 128, 131-32 (2d Cir. 2008) (noting that under *Begay*, a violent felony must be purposeful, violent, *and* aggressive, and finding that New York's reckless endangerment offense does not constitute a violent felony because it does not involve all three types of conduct); *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008) (citing *Begay* for the proposition that a violent felony must be purposeful, violent, *and* aggressive, and finding that Indiana's criminal recklessness offense is not a violent felony because it does not involve all

three types of conduct). The government cites no cases supporting its argument that a victim's lack of ability to give legal consent means that the Virginia carnal knowledge offense is inherently violent and aggressive. As noted above, the Virginia carnal knowledge offense, by definition, categorically does not involve the use of force and does not support an inference that any or all instances of the offense are violent and aggressive.

Although nonforcible adult-minor sexual activity can present grave physical risks to minors, and although states are entitled to criminalize nonforcible adult-minor sexual activity to protect minor victims from these risks, such risks are not sufficiently "similar, in kind as well as in degree of risk posed to the examples" of burglary, arson, extortion, and crimes involving explosives. 128 S. Ct. at 1585. The *Begay* Court noted that the enumerated crimes are "committed . . . in a purposeful, violent, and aggressive manner." *Id.* at 1586. The enumerated crimes create immediate, serious, and foreseeable physical risks that arise concurrently with the commission of the crimes themselves. The *Begay* court emphasized that these kinds of crimes "show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger," such that a fifteen-year mandatory prison term is warranted. *Id.* at 1587; *see also United States v. Spells*, 537 F.3d 743, 752 (7th Cir. 2008) (emphasizing the same language).

In contrast, Virginia's carnal knowledge offense, like the DUI offense in *Begay*, differs from "violent and aggressive crimes committed intentionally such as arson, burglary, extortion, or crimes involving the use of explosives." *Begay*, 128 S. Ct. at 1588. The associated risks that the parties have identified—primarily STDs and the risks attendant to pregnancy—are not immediate or violent in nature and do not inherently support an inference that an offender will later commit a violent crime; *accord Taylor v. United States*, 495 U.S. 575, 590 (1990) (finding that "in designating predicate

offenses" for the armed career criminal enhancement, Congress intended to use "uniform, categorical definitions to capture all offenses of a certain level of seriousness *that involve violence or an inherent risk thereof*" (emphasis added)). *But cf. United States v. Williams*, 529 F.3d 1, 7 (1st Cir. 2008) (holding that the crime of "delivering a minor for prostitution" constitutes a crime of violence because it is likely that "'clients' will endanger the minor's safety" and "the risk of harm is so substantial and so easily foreseen by the defendant").[6] Although this opinion is not intended to minimize the risks associated with adult-minor sexual activity, a conviction under Virginia's carnal knowledge offense is not "associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior" and cannot constitute a violent felony under the ACCA. *Begay*, 128 S. Ct. at 1588.

## IV.

Under *Begay*, Virginia's carnal knowledge offense is not sufficiently similar to the enumerated crimes in kind or in degree of risk to constitute a violent felony. We reverse the district court's opinion, vacate Thornton's sentence, and remand for sentencing consistent with this opinion.

*REVERSED, VACATED, AND REMANDED*

---

[6]*Williams* is distinguishable from this case. The First Circuit relied heavily on the fact that third-party clients could endanger the minor victim — "the violence often will be carried out by third parties" — and that the defendant can easily foresee the risk of violence to the minor. 529 F.3d at 7. Virginia's carnal knowledge offense does not contemplate third-party violence and instead criminalizes the sexual activity between the perpetrator and the minor.