Rehearing granted, August 10, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-5062**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MARTA ERWIN PERRY,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:09-cr-00106-FL-1)

───────────

Submitted: June 17, 2010         Decided: June 23, 2010

───────────

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, William M. Gilmore, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Marta Erwin Perry for possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). Perry filed a motion to dismiss the indictment that the district court denied. Perry then entered a guilty plea to the charge, reserving his right to appeal the denial of his motion to dismiss. The court sentenced Perry to eighty-four months of imprisonment and Perry now appeals. Finding no error, we affirm.

On appeal, Perry argues that the district court erred in denying his motion to dismiss the indictment. We review a district court's denial of a motion to dismiss an indictment de novo. United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002) (citation omitted); see United States v. Thornton, 554 F.3d 443, 445 (4th Cir. 2009) (reviewing whether state felony offense is a crime of violence de novo).

Perry argues that he was legally innocent of violating § 922(g)(1) because his prior convictions for breaking and entering, larceny, speeding to elude, and breaking and entering a vehicle were not punishable by a term of imprisonment exceeding one year. While Perry's argument is concededly foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th

2

Cir. 2005), he argues that the subsequent decisions in <u>United States v. Rodriguez</u>, 553 U.S. 337 (2008), and <u>United States v. Pruitt</u>, 545 F.3d 416 (6th Cir. 2008), have undermined this court's holding in <u>Harp</u>. We have thoroughly reviewed the record and the relevant legal authorities and conclude that our holding in <u>Harp</u> is consistent with the Supreme Court's decision in <u>Rodriguez</u>. Further, to the extent <u>Pruitt</u> may be inconsistent with <u>Harp</u>, decisions by our sister circuits are simply not binding upon this court.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3