**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4161**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL RAY THORNTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:05-cr-00029-jct-1)

Submitted: August 30, 2010      Decided: September 9, 2010

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender for the Western District of Virginia, Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ray Thornton was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006) (Count One), and possession of body armor by a convicted felon, in violation of 18 U.S.C. § 931 (2006) (Count Two). His case is before the court after a second remand for resentencing.

In our original decisions, we vacated Thornton's armed career criminal sentence, ultimately concluding that Thornton lacked the requisite three prior convictions to qualify as an armed career criminal. See United States v. Thornton, 554 F.3d 443 (4th Cir. 2009). On the second remand, the district court sentenced Thornton to an upward variance sentence of ninety-six months' imprisonment on Count One and a concurrent term of thirty-six months on Count Two, with concurrent supervised release terms of thirty-six months on Count One and one year on Count Two. Thornton timely appealed, arguing that the upward variance sentence is unreasonable.

We review Thornton's sentence "under a deferential abuse-of-discretion standard," which first considers whether the sentence is procedurally reasonable. Gall v. United States, 552 U.S. 38, 41, 51 (2007). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented[,] . . . apply[ing] the relevant [18 U.S.C.]

2

§ 3553(a) [(2006)] factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court also must "state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

If a sentence is procedurally reasonable, we then consider substantive reasonableness, examining "the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 at 51. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the degree of the variance." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (citation and internal quotation marks omitted).

Thornton argues that the district court abused its discretion and failed to justify the extent of the upward variance and thus imposed a sentence greater than necessary. Our review of the sentencing transcript and the five-page Statement of Reasons leads us to conclude that the district court adequately explained its sentence to reflect that it considered the relevant § 3553(a) factors and to provide a

sufficiently individualized explanation for its sentence, as required by Carter. We also conclude that the extent of the variance was supported by the facts of the case.

Thornton also contends that the district court unreasonably imposed conditions of supervised release applicable to sex offenders. However, district courts may impose special conditions of supervised release to address prior unrelated crimes. United States v. Bull, 314 F.3d 1275, 1276-78 (11th Cir. 2000). We conclude that the district court did not abuse its discretion by imposing the special conditions of supervised release in this case.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED