**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-6037**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DEMETRIUS TYRONE GARDNER,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.   James P. Jones, District
Judge.  (1:07-cr-00028-jpj-pms-1; 1:09-cv-80154)

_____

Submitted:  February 17, 2011          Decided:  March 21, 2011

_____

Before WILKINSON, KING, and AGEE, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Demetrius Tyrone Gardner, Appellant Pro Se.   Zachary T. Lee,
Assistant United States Attorney, Abingdon, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Tyrone Gardner seeks to appeal the district court's order purporting to deny him relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. He also moves to remand the matter to the district court.[1]

In his § 2255 motion before the district court, which was filed with the assistance of counsel, Gardner argued that his prior Virginia conviction for taking indecent liberties with a minor was improperly used to enhance his sentence as a career offender under U.S.S.G. § 4B1.1. Gardner relied on the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), decided while his direct criminal appeal was pending before this Court.

The district court's order addressing Gardner's § 2255 motion declined to determine whether Begay rendered Gardner's sentence unlawful.[2] Instead, the district court reasoned that

---

[1] Gardner's motion to remand includes his "emergency motion under local appellate rule 27(e) and IOP 34.1 seeking review of motion to amend or to supplement [his] original § 2255 petition under Fed. R. Civ. P.[] Rule 15(a)-(c)[.]"

[2] The issue of whether Gardner's prior Virginia conviction was a proper predicate conviction under U.S.S.G. § 4B1.1 is perhaps a difficult question. Indeed, this Court recently voted to rehear *en banc* the case of United States v. Vann, 620 F.3d 431 (4th Cir. 2010), in which a majority of the original panel held that the North Carolina offense of taking indecent liberties with a child was a "crime of violence" for purposes of the Armed Career Criminal Act. Nonetheless, a determination of
(Continued)

2

Gardner was not entitled to relief because his sentence was not "unlawful." That is, the district court reasoned that even if Gardner was not a career offender (i.e., even if the prior Virginia offense was not a predicate offense for purposes of U.S.S.G. § 4B1.1), the sentence of 360 months was still appropriate under 18 U.S.C. § 3553(a). Additionally, the district court noted that, even without the career offender enhancement, Gardner's advisory guideline range would have been 324 months to 405 months. The 360-month sentence was within that guideline range and thus not unlawful, according to the district court.

Although the district court's order states that it is denying Gardner's § 2255 motion, its reasoning could also be interpreted, for practical purposes, as essentially granting § 2255 relief, vacating Gardner's sentence and imposing a new sentence, albeit the same sentence. See United States v. Hadden, 475 F.3d 652, 661 & nn. 8-9, 664 (4th Cir. 2007) (if the judgment in a § 2255 motion has the "practical effect" of

---

whether Gardner's sentence is "unlawful" seems to require resolution of this difficult question. Cf. United States v. Pettiford, 612 F.3d 270, 277-78 (4th Cir. 2010) (the first step in addressing a § 2255 motion is "to determine whether the prisoner has met his burden of showing that "his sentence is unlawful on one of the specified grounds"). Only then could the district court impose a new sentence. See id.

3

vacating the original sentence and imposing a new sentence, even one that is the same as the original sentence, then a certificate of appealability is not required). Under such an interpretation, no certificate of appealability would be required because Gardner would essentially be appealing the imposition of a new sentence. See Hadden, 475 F.3d at 661 n.8. If, however, the district court's order was in fact a true denial of the pending § 2255 motion, then a certificate of appealability would be required for him to appeal to this Court. See 28 U.S.C. § 2253(c)(1) (2006).

Because the proper interpretation of the district court's order is unclear to this Court, we vacate the district court's judgment and remand to give the district court the opportunity to clarify whether it was in fact imposing a new sentence. In particular, assuming there are no procedural hurdles to addressing such a claim,[3] the district court should address whether Begay renders Gardner's sentence improper. We express no opinion on this issue.

---

[3] On appeal, the government raises the question of whether Gardner has procedurally defaulted his Begay-based claim by failing to raise it in his direct criminal appeal, a question not addressed by the district court's order in Gardner's § 2255 proceedings. We express no opinion as to whether Gardner may be able to establish cause and prejudice for his failure based on his appellate counsel's failure to raise the claim.

4

The judgment of the district court is therefore vacated and remanded for proceedings consistent with this opinion. Gardner's pending motions are denied without prejudice.

VACATED AND REMANDED